# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

IHOP IP, LLC and INTERNATIONAL    )
HOUSE OF PANCAKES, LLC    )
    )
             Plaintiffs,    )
    )
vs.    )
    )    Case No.: _____
INTERNATIONAL HOUSE OF    )
PRAYER; FRIENDS OF THE    )
BRIDEGROOM, INC.; SHILOH    )
MINISTRIES, INC.;    )
and INTERNATIONAL HOUSE OF    )
PRAYER EAST BAY,    )
    )
             Defendants.    )

## COMPLAINT

Plaintiffs, IHOP IP, LLC and International House of Pancakes, LLC (collectively "IHOP"), by and through its attorneys of record, allege as follows:

## Parties

1.    Plaintiff IHOP IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 450 North Brand Boulevard, Glendale, California 91203.

2.    Plaintiff International House of Pancakes, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 450 North Brand Boulevard, Glendale, California 91203.

3.    Upon information and belief, defendants International House of Prayer, Friends of the Bridegroom, Inc. (also d/b/a IHOP, IHOP Missions Base, IHOP-KC, International House of Prayer University, and IHOPU), and Shiloh Ministries, Inc. are all non-profit corporations

organized and existing under the laws of the State of Missouri, with their principal place of business at 3535 East Red Bridge Road, Kansas City, Missouri 64137 (collectively "House of Prayer Kansas City").

4.      Upon information and belief, defendant International House of Prayer East Bay, doing business as IHOP East Bay, is a non-profit corporation, with its principal place of business at 7485 Village Parkway, Dublin, California 94568 ("House of Prayer East Bay").

## Jurisdiction and Venue

5.      This is an action arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq; accordingly, this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338(a) and (b).  Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over House of Prayer Kansas City because it conducts business, has and continues to commit acts of dilution, trademark infringement, or unfair competition, and has contributed to or induced acts of dilution, trademark infringement, or unfair competition by others in this judicial district (and elsewhere in Missouri and in the United States).

7.      This Court has personal jurisdiction over House of Prayer East Bay because it has and continues to commit acts of dilution, trademark infringement, or unfair competition, and has contributed to or induced acts of dilution, trademark infringement, or unfair competition by others in this judicial district (or elsewhere in Missouri and in the United States).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because, among other reasons, defendants are each subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to the claims occurred here.

2

## Alleged Facts

9.      The first International House of Pancakes restaurant opened in Toluca Lake, California in 1958.  In 1960, the company began to expand through franchising.  IHOP began using "IHOP" as a trademark/service mark at least as early as 1973.

10.     IHOP grew and prospered.  In 1992 the 500th IHOP restaurant opened, and one year later, sales per IHOP restaurant exceeded $1 million.  In 1998, IHOP's system-wide sales reached $1 billion.   IHOP has continuously used the INTERNATIONAL HOUSE OF PANCAKES, IHOP and other IHOP-based trademarks, service marks, and trade names in commerce throughout the United States since their respective dates of first use.  IHOP's use of its marks and trade names has also been substantially exclusive.

11.     Presently there are 1,500 IHOP restaurants in the United States, including at least one in every state.  There are currently 45 IHOP restaurants in Missouri.

12.     Many IHOP restaurants are open 24 hours a day, seven days a week and are operated by independent small business owners who rely heavily on the reputation and strength of the various IHOP-based trademarks, service marks, and trade names for their businesses.

13.     Plaintiff IHOP IP, LLC owns all the rights, including those based in common law and conferred through registration, in a family of IHOP-related trademarks, service marks, and trade names (collectively the "IHOP Marks").  Several of the IHOP Marks have been registered with the United States Trademark Office, including U.S. Reg. No. 3,429,406 IHOP for restaurant services; U.S. Reg. No. 3,514,724 INTERNATIONAL HOUSE OF PANCAKES for restaurant services, carry out food services; U.S. Reg. No. 3,743,560 IHOP FOR ME for restaurant services; U.S. Reg. No. 3,731,730 IHOP CAFÉ for restaurant services, carry-out café and restaurant services, coffee house services; U.S. Reg. No.: 3,616,420 IHOP 'N GO for restaurant

DB04/808085.0002/4532530.1 PF06

services, take out restaurant services; and U.S. Reg. No.: 3,771,927 IHOP EXPRESS for restaurant and food take-out restaurant services. Copies of the registration certificates for the IHOP Marks are attached as Exhibit A.

14.     International House of Pancakes, LLC and other related entities owned and/or controlled by IHOP's ultimate parent organization, DineEquity, Inc., have the right to use the IHOP Marks under a license arrangement.

15.     Over the years, IHOP has expended substantial resources to extensively advertise and publicize the IHOP Marks throughout the United States. The IHOP Marks are featured on distinctive landmark signage and in menus and other materials available at all IHOP locations. In addition to traditional media outlets such as print, television, and radio, IHOP uses websites, such as www.ihop.com, and social media outlets, such as facebook, to promote and provide its family-oriented services and goods under the IHOP Marks in advertisements, articles, interactive web pages, videos, and the like.

16.     Each of the IHOP Marks is distinctive, strong, and widely recognized among the general consuming public as a designation of goods and services originating with, sponsored by, approved by, or affiliated with IHOP.

17.     The IHOP and INTERNATIONAL HOUSE OF PANCAKES marks have been famous since prior to House of Prayer Kansas City's and House of Prayer East Bay's first use of "International House of Prayer," "IHOP," and variations thereof.

18.     House of Prayer Kansas City selected and adopted the names "International House of Prayer," "IHOP," "IHOP-KC," "International House of Prayer University," and "IHOPU" to refer to House of Prayer Kansas City's evangelical missions organization and the goods and services it provides.

DB04/808085.0002/4532530.1 PF06

19.     At the time House of Prayer Kansas City adopted the names "International House of Prayer," "IHOP," and variations thereof, House of Prayer Kansas City was aware of plaintiffs and their INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

20.     House of Prayer Kansas City provides goods and services at its physical locations in this judicial district, through the internet and other social media outlets, and at various training programs, workshops, regional camps, and leadership retreats.

21.     House of Prayer Kansas City has used the name "International House of Prayer," "IHOP," and variations thereof on or in, among other things, signage, literature, websites, domain names, social media outlets, and ancillary products.  Attached hereto as Exhibit B are true and correct copies of photographs of several of House of Prayer Kansas City's signage.

22.     House of Prayer Kansas City operates International House of Prayer University (also referred to as IHOPU).  IHOPU is an evangelical missions-based school in which approximately 600 full time students are enrolled.  IHOPU also offers an e-school and online courses to educate persons worldwide.

23.     House of Prayer Kansas City operates a web store that offers for sale books, teaching materials, music, DVDs, and other ancillary products (t-shirts, sweatshirts, water bottles, a board game, etc.) under the marks "International House of Prayer," "IHOP," and variations thereof to persons worldwide.

24.     House of Prayer Kansas City also operates at least two coffee shops/cafés that serve food and beverages; one at its main facility in Kansas City and one on campus at IHOPU.

25.     House of Prayer Kansas City routinely uses "IHOP" or "IHOP-KC" to refer to its services and on its products.

DB04/808085.0002/4532530.1 PF06

26.     Several persons have either been confused by House of Prayer's use of "IHOP" or felt the need to clarify whether the "IHOP" reference was to House of Prayer Kansas City or plaintiffs.

27.     House of Prayer Kansas City's use of "International House of Prayer," "IHOP," or variations thereof has confused or deceived or is likely to confuse or deceive the public and, therefore, is infringing IHOP's federal and common law rights in the IHOP Marks.

28.     House of Prayer Kansas City's use of "International House of Prayer," "IHOP," and variations thereof has diluted or is likely to dilute the distinctiveness, strength, and value of IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks and, therefore, has violated IHOP's federal and common law rights in those marks.

29.     Upon information and belief, House of Prayer Kansas City began using "International House of Prayer" and "IHOP" with the intent to trade on the goodwill in and/or fame, distinctiveness, strength, and value of the IHOP Marks.

30.     House of Prayer Kansas City does not and has never had permission to use the IHOP Marks or any name confusingly similar to the IHOP Marks.

31.     House of Prayer Kansas City's infringing and diluting use of "International House of Prayer," "IHOP," and variations thereof has damaged and caused irreparable harm to IHOP and will continue to damage and cause irreparable harm to IHOP if it is not restrained by this Court from further violating IHOP's rights in the IHOP Marks.  IHOP has no adequate remedy at law for these continuing violations.

32.     Upon information and belief, House of Prayer Kansas City is affiliated with, sponsors, or endorses numerous other evangelical missions organizations around the world,

DB04/808085.0002/4532530.1 PF06

including defendant House of Prayer East Bay, that use the names "International House of Prayer," "IHOP," and variations thereof to identify themselves.

33.     House of Prayer East Bay has a physical location in Dublin, California, was established in September of 2006, and offers and provides evangelical missions services at its physical location and over the internet through its website at www.ihopeastbay.org and other social media under the "International House of Prayer East Bay" and "IHOP East Bay" names. A sample web page is attached hereto as Exhibit C.

34.     Upon information and belief, House of Prayer East Bay is affiliated with House of Prayer Kansas City and has what its director refers to as strategic connections with those leading 24/7 prayer rooms in Kansas City.

35.     House of Prayer East Bay's website is interactive in that it invites internet browsers, including, upon information and belief, those located in this judicial district, to subscribe to House of Prayer East Bay's mailing list and interact with its social media outlets. House of Prayer East Bay's website also provides information on how to submit donations and includes "Teaching and Notes" audio files that are available to download.

36.     House of Prayer East Bay has used the name "International House of Prayer," "IHOP," and variations thereof on, among other things, websites and social media, but it does not and has never had permission to use the IHOP Marks or any name confusingly similar to the IHOP Marks.

37.     Upon information and belief, House of Prayer East Bay began using "International House of Prayer" and "IHOP" with the intent to trade on the goodwill in and/or fame, distinctiveness, strength, and value of the IHOP Marks.

DB04/808085.0002/4532530.1 PF06

38. House of Prayer East Bay's use of "International House of Prayer East Bay," "IHOP East Bay," or variations thereof has confused or deceived or is likely to confuse or deceive the public and, therefore, is infringing IHOP's federal and common law rights in the IHOP Marks.

39. House of Prayer East Bay's use of "International House of Prayer" "IHOP," and variations thereof has diluted or is likely to dilute the distinctiveness, strength, and value of IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks and, therefore, has violated IHOP's federal and common law rights in those marks.

40. House of Prayer East Bay's infringing and diluting use of "International House of Prayer," "IHOP," and variations thereof has damaged and caused irreparable harm to IHOP and will continue to damage and cause irreparable harm to IHOP if it is not restrained by this Court from further violating IHOP's rights in the IHOP Marks. IHOP has no adequate remedy at law for these continuing violations.

## Count I

41. Paragraphs 1 through 40 are incorporated by reference as though fully set forth herein.

42. By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

43. House of Prayer Kansas City's use is likely to cause confusion, cause mistake, or deceive consumers, prospective consumers, and the public as to whether House of Prayer Kansas City's services are endorsed by, sponsored by, or somehow affiliated with IHOP or whether House of Prayer Kansas City has permission from IHOP to use the infringing names.

8

44.    Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

45.    The actions of House of Prayer Kansas City constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46.    IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing activities of House of Prayer Kansas City.

47.    Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to infringe IHOP's rights in the IHOP Marks.

## Count II

48.    Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein.

49.    IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks were famous and distinctive prior to House of Prayer Kansas City's first use of International House of Prayer, IHOP, or variations thereof in conjunction with evangelical missions services.

50.    By engaging in the acts described above, House of Prayer Kansas City has used names that dilute IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

51.    House of Prayer Kansas City's use is likely to cause dilution of the distinctiveness, strength, and value of IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

DB04/808085.0002/4532530.1 PF06

52.     Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon IHOP's goodwill associated with and the distinctiveness, strength, and value of the IHOP and INTERNATIONAL HOUSE OF PANCAKES marks.

53.     The actions of House of Prayer Kansas City constitute trademark dilution under Section 32 of the Lanham Act, 15 U.S.C. § 1125(c).

54.     IHOP has suffered and will continue to suffer damage to its business reputation, goodwill, and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks due to the diluting activities of House of Prayer Kansas City.

55.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to dilute IHOP's rights in the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

## Count III

56.     Paragraphs 1 through 55 are incorporated by reference as though fully set forth herein.

57.     By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

58.     House of Prayer Kansas City's use is likely to cause confusion or mistake as to the affiliation, connection, or association of IHOP with House of Prayer Kansas City or confusion as to the origin, sponsorship, or approval of House of Prayer Kansas City's evangelical missions services by IHOP.

59.     Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

60.     The actions of House of Prayer Kansas City constitute a false designation of origin, false or misleading description, or a false or misleading representation of fact under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

61.     IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the false and misleading activities of House of Prayer Kansas City.

62.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to engage in acts of false designation of origin.

## Count IV

63.     Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein.

64.     By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks, including International House of Prayer University and IHOPU, to provide, sell, offer for sale, distribute, or advertise educational services in interstate commerce.

65.     House of Prayer Kansas City's use is likely to cause confusion, to cause mistake, or to deceive consumers, prospective consumers, and the public as to whether House of Prayer Kansas City's services are endorsed by, sponsored by, or somehow affiliated with IHOP or whether House of Prayer Kansas City has permission from IHOP to use the infringing names.

11

66. Upon information and belief, the actions of House of Prayer Kansas City have been undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

67. The actions of House of Prayer Kansas City constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

68. IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing activities of House of Prayer Kansas City.

69. Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to infringe IHOP's rights in the IHOP Marks.

## Count V

70. Paragraphs 1 through 69 are incorporated by reference as though fully set forth herein.

71. IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks were famous and distinctive prior to House of Prayer Kansas City's first use of International House of Prayer University, IHOPU, or variations thereof in conjunction with educational services.

72. By engaging in the acts described above, House of Prayer Kansas City has used names and marks that dilute IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks to provide, sell, offer for sale, distribute, or advertise educational services in interstate commerce.

73. House of Prayer Kansas City's use is likely to cause dilution of the distinctiveness, strength, and value of IHOP's famous INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

DB04/808085.0002/4532530.1 PF06

74.     Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon IHOP's goodwill associated with and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

75.     The actions of House of Prayer Kansas City constitute trademark dilution under Section 32 of the Lanham Act, 15 U.S.C. § 1125(c).

76.     IHOP has suffered and will continue to suffer damage to its business reputation, goodwill, and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks due to the diluting activities of House of Prayer Kansas City.

77.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to dilute IHOP's rights in the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

## Count VI

78.     Paragraphs 1 through 77 are incorporated by reference as though fully set forth herein.

79.     By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise educational services in interstate commerce.

80.     House of Prayer Kansas City's use is likely to cause confusion or mistake as to the affiliation, connection, or association of IHOP with House of Prayer Kansas City or confusion as to the origin, sponsorship, or approval of House of Prayer Kansas City's educational services by IHOP.

13

81.     The actions of House of Prayer Kansas City demonstrate an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

82.     The actions of House of Prayer Kansas City constitute a false designation of origin, false or misleading description, or a false or misleading representation of fact under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

83.     IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the false and misleading activities of House of Prayer Kansas City.

84.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to engage in acts of false designation of origin.

## Count VII

85.     Paragraphs 1 through 84 are incorporated by reference as though fully set forth herein.

86.     By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise food and beverage services in interstate commerce.

87.     House of Prayer Kansas City's use is likely to cause confusion, to cause mistake, or to deceive consumers, prospective consumers, and the public as to whether House of Prayer Kansas City's services are endorsed by, sponsored by, or somehow affiliated with IHOP or whether House of Prayer Kansas City has permission from IHOP to use the infringing names.

88.     Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

DB04/808085.0002/4532530.1 PF06

89. The actions of House of Prayer Kansas City constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

90. IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing activities of House of Prayer Kansas City.

91. Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to infringe IHOP's rights in the IHOP Marks.

**Count VIII**

92. Paragraphs 1 through 91 are incorporated by reference as though fully set forth herein.

93. IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks were famous and distinctive prior to House of Prayer Kansas City's first use of International House of Prayer, IHOP, or variations thereof in conjunction with food and beverage services.

94. By engaging in the acts described above, House of Prayer Kansas City has used names that dilute IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks to provide, sell, offer for sale, distribute, or advertise food and beverage services in interstate commerce.

95. House of Prayer Kansas City's use is likely to cause dilution of the distinctiveness, strength, and value of IHOP's famous INTERNATIONAL HOUSE OF PANCAKES or IHOP marks.

96. Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon IHOP's goodwill associated with and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

DB04/808085.0002/4532530.1 PF06

97.     The actions of House of Prayer Kansas City constitute trademark dilution under Section 32 of the Lanham Act, 15 U.S.C. § 1125(c).

98.     IHOP has suffered and will continue to suffer damage to its business reputation, goodwill, and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks due to the diluting activities of House of Prayer Kansas City.

99.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to dilute IHOP's rights in the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

## Count IX

100.    Paragraphs 1 through 99 are incorporated by reference as though fully set forth herein.

101.    By engaging in the acts described above, House of Prayer Kansas City have used names and marks that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise food and beverage services in interstate commerce.

102.    House of Prayer Kansas City's use is likely to cause confusion or mistake as to the affiliation, connection, or association of IHOP with House of Prayer Kansas City or confusion as to the origin, sponsorship, or approval of House of Prayer Kansas City's food and beverage services by IHOP.

103.    Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

16

104.     The actions of House of Prayer Kansas City constitute a false designation of origin, false or misleading description, or a false or misleading representation of fact under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

105.     IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the false and misleading activities of House of Prayer Kansas City.

106.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to engage in acts of false designation of origin.

## Count X

107.     Paragraphs 1 through 106 are incorporated by reference as though fully set forth herein.

108.     By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to sell, offer for sale, distribute, or advertise books, beverage containers, DVDs, and other ancillary goods in interstate commerce.

109.     House of Prayer Kansas City's use is likely to cause confusion, to cause mistake, or to deceive consumers, prospective consumers, and the public as to whether House of Prayer Kansas City's services are endorsed by, sponsored by, or somehow affiliated with IHOP or whether House of Prayer Kansas City has permission from IHOP to use the infringing names.

110.     Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

111.     The actions of House of Prayer Kansas City constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

DB04/808085.0002/4532530.1 PF06

112.     IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing activities of House of Prayer Kansas City.

113.     Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to infringe IHOP's rights in the IHOP Marks.

## Count XI

114.     Paragraphs 1 through 113 are incorporated by reference as though fully set forth herein.

115.     IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks were famous and distinctive prior to House of Prayer Kansas City's first use of International House of Prayer, IHOP, or variations thereof in conjunction with books, beverage containers, DVDs, and other ancillary goods.

116.     By engaging in the acts described above, House of Prayer Kansas City has used names that dilute IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks to sell, offer for sale, distribute, or advertise books, beverage containers, DVDs, and other ancillary goods in interstate commerce.

117.     House of Prayer Kansas City's use is likely to cause dilution of the distinctiveness, strength, and value of IHOP's famous INTERNATIONAL HOUSE OF PANCAKES or IHOP mark.

118.     Upon information and belief, the actions of House of Prayer Kansas City have been undertaken with an intentional, willful, or malicious intent to trade upon IHOP's goodwill associated with and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

DB04/808085.0002/4532530.1 PF06

119.    The actions of House of Prayer Kansas City constitute trademark dilution under Section 32 of the Lanham Act, 15 U.S.C. § 1125(c).

120.    IHOP has suffered and will continue to suffer damage to its business reputation, goodwill, and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks due to the diluting activities of House of Prayer Kansas City.

121.    Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to dilute IHOP's rights in the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

## Count XII

122.    Paragraphs 1 through 121 are incorporated by reference as though fully set forth herein.

123.    By engaging in the acts described above, House of Prayer Kansas City has used names that are confusingly similar to the IHOP Marks to sell, offer for sale, distribute, or advertise books, beverage containers, DVDs, and other ancillary goods in interstate commerce.

124.    House of Prayer Kansas City's use is likely to cause confusion or mistake as to the affiliation, connection, or association of IHOP with House of Prayer Kansas City or confusion as to the origin, sponsorship, or approval of House of Prayer Kansas City's books, beverage containers, DVDs, and other ancillary goods by IHOP.

125.    Upon information and belief, the actions of House of Prayer Kansas City were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

DB04/808085.0002/4532530.1 PF06

126. The actions of House of Prayer Kansas City constitute a false designation of origin, false or misleading description, or a false or misleading representation of fact under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

127. IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the false and misleading activities of House of Prayer Kansas City.

128. Upon information and belief, unless enjoined by this Court, House of Prayer Kansas City will continue to engage in acts of false designation of origin.

## Count XIII

129. Paragraphs 1 through 128 are incorporated by reference as though fully set forth herein.

130. By engaging in the acts described above, House of Prayer East Bay has used names and marks that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

131. House of Prayer East Bay's use is likely to cause confusion, cause mistake, or deceive consumers, prospective consumers, and the public as to whether House of Prayer East Bay's services are endorsed by, sponsored by, or somehow affiliated with IHOP or whether House of Prayer East Bay has permission from IHOP to use the infringing names.

132. Upon information and belief, the actions of House of Prayer East Bay were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

133. The actions of House of Prayer East Bay constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

DB04/808085.0002/4532530.1 PF06

134.   IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing activities of House of Prayer East Bay.

135.   Upon information and belief, unless enjoined by this Court, House of Prayer East Bay will continue to infringe IHOP's rights in the IHOP Marks.

## Count XIV

136.   Paragraphs 1 through 135 are incorporated by reference as though fully set forth herein.

137.   IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks were famous and distinctive prior to House of Prayer East Bay's first use of International House of Prayer, IHOP, or variations thereof in conjunction with evangelical missions services.

138.   By engaging in the acts described above, House of Prayer East Bay has used names that dilute IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

139.   Upon information and belief, the actions of House of Prayer East Bay were undertaken with an intentional, willful, or malicious intent to trade upon IHOP's goodwill associated with and the distinctiveness, strength, and value of the IHOP and INTERNATIONAL HOUSE OF PANCAKES marks.

140.   House of Prayer East Bay's use is likely to cause dilution of the distinctiveness, strength, and value of IHOP's famous INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

141.   The actions of House of Prayer East Bay constitute trademark dilution under Section 32 of the Lanham Act, 15 U.S.C. § 1125(c).

DB04/808085.0002/4532530.1 PF06

142. IHOP has suffered and will continue to suffer damage to its business reputation, goodwill, and the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks due to the diluting activities of House of Prayer East Bay.

143. Upon information and belief, unless enjoined by this Court, House of Prayer East Bay will continue to dilute IHOP's rights in the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

## Count XV

144. Paragraphs 1 through 143 are incorporated by reference as though fully set forth herein.

145. By engaging in the acts described above, House of Prayer East Bay has used names and marks that are confusingly similar to the IHOP Marks to provide, sell, offer for sale, distribute, or advertise evangelical missions services in interstate commerce.

146. House of Prayer East Bay's use is likely to cause confusion or mistake as to the affiliation, connection, or association of IHOP with House of Prayer East Bay or confusion as to the origin, sponsorship, or approval of House of Prayer East Bay's evangelical missions services by IHOP.

147. Upon information and belief, the actions of House of Prayer East Bay were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the IHOP Marks.

148. The actions of House of Prayer East Bay constitute a false designation of origin, false or misleading description, or a false or misleading representation of fact under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

DB04/808085.0002/4532530.1 PF06

149.     IHOP has suffered and will continue to suffer damage to its business reputation and goodwill due to the false and misleading activities of House of Prayer East Bay.

### Count XVI

150.     Paragraphs 1 through 149 are incorporated herein by reference as though fully set forth herein.

151.     The use by defendants of marks confusingly similar to the IHOP Marks in connection with evangelical missions services, educational services, food and beverage services, or books, beverage containers, DVDs, and other ancillary items constitutes common law infringement of IHOP's rights in the IHOP Marks and has damaged IHOP.

152.     Upon information and belief, unless enjoined by this Court, defendants will continue to engage in this infringing activity.

### Count XVII

153.     Paragraphs 1 through 152 are incorporated by reference as though fully set forth herein.

154.     The use by defendants of International House of Prayer, IHOP, and variations thereof is likely to dilute or has diluted the distinctiveness, strength, and value of IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks in violation of Mo. Rev. Stat. § 417.061(1).

155.     Upon information and belief, unless enjoined by this Court, defendants will continue to engage in activity that dilutes the distinctiveness, strength, and value of IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks.

DB04/808085.0002/4532530.1 PF06

## **Count XVIII**

156.     Paragraphs 1 through 155 are incorporated by reference as though fully set forth herein.

157.     The acts of defendants described herein constitute common law unfair competition with IHOP, which has and will continue to damage IHOP.

158.     Upon information and belief, unless enjoined by this Court, defendants will continue to engage in acts of unlawful competition.

## **Relief Sought**

WHEREFORE, IHOP prays for judgment and relief as follows:

a.     judgment that IHOP IP, LLC owns enforceable rights in the IHOP Marks and the registrations for the IHOP Marks are valid;

b.     judgment that IHOP's INTERNATIONAL HOUSE OF PANCAKES and IHOP marks are famous and distinctive and have been since at least prior to defendants first use of "International House of Prayer," "IHOP," and variations thereof;

c.     judgment that each of the defendants have been and are directly or indirectly infringing the IHOP Marks;

d.     judgment that each of the defendants have been and are directly or indirectly diluting the distinctiveness, strength, and value of the INTERNATIONAL HOUSE OF PANCAKES and IHOP marks;

e.     judgment that defendants acted deliberately, willfully, intentionally, or with malicious intent;

DB04/808085.0002/4532530.1 PF06

f.      judgment that each of the defendants, its directors, officers, agents, servants, employees, successors, attorneys, and assigns, and all those acting in active concert or in participation with them, be enjoined from further acts that dilute or infringe the IHOP Marks directly or indirectly;

g.      judgment that all domain names owned by the defendants that incorporate "ihop," including but not limited to ihop.org, be transferred to IHOP;

h.      judgment that each of the defendants shall file with the court and serve on IHOP a written report stating what actions they have taken to comply with the Court's injunction within thirty (30) days after entry of the injunction;

i.      judgment that this case is exceptional, and that the defendants be ordered to pay all of IHOP's attorney fees associated with this action pursuant to 15 U.S.C. § 1117;

j.      judgment that the defendants individually and collectively be ordered to pay all costs and expenses incurred by IHOP in this action; and

k.      judgment that IHOP be granted such other and additional relief as this Court may deem just and proper.

Respectfully submitted,


 /s/Mark D. Hinderks
Mark D. Hinderks (MO Bar No. 58124)
Mark M. Iba (MO Bar No. 45452)
Elizabeth A. Tassi (MO Bar No. 59621)
STINSON MORRISON HECKER LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri  64106
(816) 842-8600 (telephone)
(816) 691-3495 (facsimile)

Attorneys for Plaintiffs
INTERNATIONAL HOUSE OF PANCAKES and
IHOP IP, LLC

25